IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:06-cr-03 |
| v. | : Judge Holschuh |
| MICHAEL L. TUCKER, | : |
| Defendant. | : |
| | : |

**MEMORANDUM OPINION AND ORDER**

On January 5, 2006, Defendant was indicted on: one count of possession with intent to distribute in excess of 50 grams of cocaine base (i.e., crack cocaine) in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1]  This matter is before the Court on Defendant's motion *in limine*. (Doc. # 34).

**I.  Background**

On December 7, 2005, Columbus Police Officers Hannah and Baase were on routine patrol when they observed Defendant commit a traffic violation.  The Officers activated their emergency lights and siren to signal Defendant to pull over.  Defendant, however, fled from the Officers at a high rate of speed and attempted to elude the Officers.  Eventually, Defendant crashed his vehicle into a building and fled on foot.

Officer Hannah secured the vehicle and did not observe any other occupants in the

---

[1] Additionally, the indictment contains a forfeiture count under 18 U.S.C. § 924(d)(1).

vehicle. Officer Hannah did, however, observe a loaded pistol in plain view on the passenger seat of the vehicle. Additionally, while conducting an inventory search of the vehicle, Officer Hannah discovered approximately 106 grams of what was suspected to be crack cocaine.

In the meantime, Officer Baase pursued Defendant on foot. Officer Baase was joined in the pursuit by several other Columbus Police Officers. Defendant was eventually apprehended by Officers Pettengill and Wilson of the Columbus Police Department.

On May 9, 2006, the Government provided counsel for Defendant with copies of certain recorded telephone conversations that Defendant made from the Franklin County Jail between December 7, 2005 and May 3, 2006. The Government contends that it will seek to introduce the recorded conversations which allegedly evidence an attempt on behalf of Defendant to induce an innocent individual, Leonard D. Thomas, to take responsibility for the possession of the drugs and firearm that are identified in the Indictment. Additionally, the Government apparently seeks to introduce evidence that was seized from Thomas's cell pursuant to a search warrant. This evidence includes letters sent from Defendant as well as a letter sent from Defendant's former counsel, Steve Nolder. Defendant has moved to prevent the admission of this evidence.

## II. Discussion

### A. Standard

The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. See Indiana Ins. Co. v. General Elec. Co., 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing Jonasson v. Lutheran Child and Family Serv., 115 F.3d 436, 440 (7th Cir. 1997)). A court should only exclude evidence on a motion *in limine* when that evidence is determined to be clearly inadmissible.

Indiana Ins. Co., 326 F. Supp.2d at 846.  When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context.[2] Id.

   B. Application

      1. Rule 401

Defendant contends that any evidence regarding the alleged plot to induce Thomas to commit perjury is not relevant because: (1) Defendant has not been charged with perjury or obstructing justice, and (2) it does not make it more or less likely that Defendant possessed crack cocaine with the intent to distribute or that Defendant possessed a firearm in furtherance of a drug trafficking crime as charged in the Indictment.  Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. See also United States v. Wagner, 382 F.3d 598, 616 (6th Cir. 2004).  If evidence is not relevant, it must be excluded.  Fed. R. Evid. 402.

The Sixth Circuit has recognized that evidence indicating that a defendant attempted to bribe and/or threaten a witness is admissible to show consciousness of guilt.  United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir.), cert. denied, 480 U.S. 922 (1987).  In Mendez-Ortiz, the defendant was charged with possession of heroin with intent to distribute.  The defendant

---

[2]Thus, the denial of a motion *in limine* does not necessarily mean that the evidence will be admitted at trial over the objection of the opposing party; the Court will entertain any objections to a proffer of evidence during trial, even if the proffer falls within the scope of a denied motion *in limine*.  Indiana Ins. Co., 326 F. Supp.2d at 846.

threatened and offered to pay a co-defendant to testify that another person was responsible for the heroin found in the defendant's car. The court noted that "[t]he fact that defendant attempted to bribe and threaten an adverse witness indicates 'his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit.'" Mendez-Ortiz, 810 F.2d at 79 (quoting II Wigmore, Evidence, § 278 (Chadbourn Rev. 1979)). The court then upheld the admission of the spoliation evidence, stating that the testimony was highly probative, not inflammatory and presented little danger of unfair prejudice. Id.

As was noted *supra*, Defendant has been charged with, *inter alia*, possession of crack cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. Defendant is attempting to exclude certain evidence that would indicate that he attempted to induce an innocent person to take responsibility for the drugs and firearm identified in the Indictment. This is precisely the type of evidence that was addressed by the court in Mendez-Ortiz. Therefore, this Court concludes that the disputed evidence is relevant.

### 2. Rule 403

Next, Defendant argues that, even if the evidence is relevant, such evidence should be barred under Rule 403 of the Federal Rules of Evidence. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Defendant specifically argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to Defendant.

4

Defendant's Rule 403 argument is tied directly to his Rule 401 argument. In particular, Defendant argues that "[t]here is no probativeness against which to weigh the evidence's overwhelming prejudicial effect." (Motion *In Limine* at p. 5). However, as was discussed *supra*, evidence that Defendant attempted to induce an innocent individual to take responsibility for the drugs and firearm identified in the Indictment is probative of Defendant's consciousness of guilt.

Moreover, unfair prejudice does not mean damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Old Chief v. United States, 519 U.S. 172, 180 (1997). See also United States v. Weinstock, 153 F.3d 272, 278 (6th Cir. 1998); United States v. Comer, 93 F.3d 1271, 1277 n.5 (6th Cir.), cert. denied, 519 U.S. 1033 (1996). This Court cannot conclude that the disputed evidence, *i.e.*, that Defendant attempted to induce Thomas to take responsibility for the drugs and firearm identified in the Indictment, would tend to suggest a decision on an improper basis. Therefore, like the court in Mendez-Ortiz, this Court cannot conclude that the evidence at issue would be unfairly prejudicial.

### 3. Effective Assistance of Counsel

Finally, Defendant argues that the spoliation evidence offered by the Government would effectively deprive Defendant of the effective assistance of counsel. Defendant contends that "[a]n integral part of the evidence that the government has collected on this issue is undersigned counsel's interview of Thomas...." (Motion *In Limine* at p. 5). Additionally, Defendant contends that a letter authored by his former counsel was seized from Thomas's cell, and the recorded telephone conversations are "littered with reference to his lawyer's interaction with

Thomas." Defendant argues that, in order to be effective, a jury must perceive his counsel as credible. Defendant suggests that jurors would likely be unsympathetic to his counsel's obligation to interview Thomas which could prompt the jurors to summarily reject defense counsel's arguments on the facts and the law.

Prior to filing the motion *in limine*, Defendant filed a motion for the appointment of new counsel. Defendant's motion for the appointment of new counsel was granted on May 26, 2006. (Doc. # 38). Although the Court does not believe that, because Defendant's former counsel interviewed Thomas, the jury would somehow react unfavorably to the Defendant or Defendant's former counsel, any question of this nature is nevertheless now moot, because Defendant will be represented at trial by newly appointed counsel.

**WHEREUPON**, Defendant's motion *in limine* (Doc. # 34) is **DENIED**. Further, pursuant to this Court's May 22, 2006 Order (Doc. # 35), a Conference Prior to Trial is scheduled for **Monday, July 10, 2006 at 2:00 p.m.** Trial is scheduled for **Tuesday, July 11, 2006 at 9:00 a.m.**

**IT IS SO ORDERED.**

June 14, 2006                                     /s/ John D. Holschuh
                                                              John D. Holschuh, Judge
                                                              United States District Court